UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ILLA ROGERS                                                                          CIVIL ACTION

VERSUS

NATIONAL FLOOD INSURANCE                                   NO. 17-01661-BAJ-EWD
PROGRAM, ET AL.

### RULING AND ORDER

Before the Court are Plaintiff's **Motion for New Trial (Doc. 49)** and **Unopposed Motion to Modify Order (Doc. 50)**. Both orders seek to modify the Court's Final Judgment (Doc. 47), which stated that Plaintiff's action was dismissed with prejudice, when the parties' Joint Motion for Voluntary Dismissal (Doc. 46) requested that the action be dismissed without prejudice. Based on the content of the motions, the Court will construe both as motions to alter or amend a judgment under Federal Rule of Civil Procedure 59(e). For the reasons assigned, the Unopposed Motion to Modify Order is **GRANTED**, while the Motion for New Trial is **DENIED** as moot.

### I. BACKGROUND

On July 7, 2020, Plaintiff Illa Rogers and Defendants National Flood Insurance Program, W. Brock Long in his official capacity as Administrator of the Federal Emergency Management Agency, and Elaine Duke in her official capacity as Secretary of the Department of Homeland Security, moved this court to dismiss Plaintiff's claims without prejudice. Defendants asserted that Plaintiff's suit was premature until such time that a Notice of Disallowance or Partial Disallowance is

issued to her. The parties agreed to voluntary dismissal without prejudice so that Plaintiff's underlying claim could undergo further adjustment and inspection by Defendants. (Doc. 46).

On August 20, 2020, the Court entered a Final Judgment in this case, dismissing Plaintiff's claims with prejudice. (Doc. 47). This judgment is in contravention to the parties' joint request for dismissal without prejudice. On August 25, 2020, Plaintiff filed a Motion for New Trial. On August 27, 2020, Plaintiff filed an Unopposed Motion to Modify Order. Both orders called for the Final Judgment to be amended. Federal Rule of Civil Procedure 59(e) permits a party to file a motion to alter or amend a judgment no later than 28 days after the entry of the judgment, therefore both motions are timely.

## II. LEGAL STANDARD

"A Rule 59(e) motion 'calls into question the correctness of a judgment.'" *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). "A Rule 59(e) motion 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence.'" *Advocare Int'l LP v. Horizon Labs., Inc.*, 524 F.3d 679, 691 (5th Cir. 2008) (quoting *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003)).

A "'manifest error' is not shown by the 'disappointment of the losing party,'" rather it is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Shaw v. Broadcast.com, Inc.*, No. 98-cv-2017-P, 2005 U.S. Dist. LEXIS 34553, at *5 (N.D. Tex. Dec. 20, 2005) (quoting *Oto v. Metro. Life Ins.*

*Co.*, 224 F.3d 601, 606 (7th Cir. 2000)); *see also Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (defining "manifest error" in the appellate review context as "one that is plain and indisputable, and that amounts to a complete disregard of the controlling law" (citation and internal quotation marks omitted)). Courts have significant discretion in deciding whether to grant a motion to reconsider under Rule 59(e). *Templet*, 367 F.3d at 479. Nevertheless, granting a motion for reconsideration is "an extraordinary remedy that should be used sparingly." *Id.* Thus, in determining whether to grant a motion to reconsider, courts must balance "the need to bring litigation to an end" and "the need to render just decisions on the basis of all the facts." *Id.*

### III. ANALYSIS

The parties' call for voluntary dismissal of Plaintiff's claims is governed by Rule 41(a)(1)(A)(ii), which permits the voluntary dismissal of actions by filing a stipulation of dismissal signed by all parties who have appeared. Rule 41(a)(1)(B) states that "unless the notice or stipulation states otherwise" such a dismissal is "without prejudice." The only exception is where a plaintiff has previously dismissed a federal or state court action "based on or including the same claim."

There is no evidence here that Plaintiff has previously dismissed a federal or state court action based on the claims she brought here. Further, Plaintiff's notice of dismissal explicitly stated that the dismissal was to be without prejudice, so that Plaintiff could bring her suit again following her receipt of a Notice of Disallowance or Partial Disallowance. Based on these facts, Plaintiff's motion identifies a manifest error of fact that must be corrected by vacating the final judgment.

## IV. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Unopposed Motion to Modify Order (Doc. 50) is **GRANTED**.

**IT IS FURUTHER ORDERED** that the Final Judgment (Doc. 47) entered in the case is **VACATED**.

**IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), all of Plaintiffs' claims against the Defendants are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for New Trial (Doc. 49) is **DENIED** as moot.

Baton Rouge, Louisiana, this 5th day of November, 2020

JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA